# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# WESTERN DIVISION

| | |
|---|---|
| **JENNIFER HARPER,** ) | |
| ) | |
| PLAINTIFF, ) | |
| ) | |
| vs. ) | **CIVIL ACTION NO.:** |
| ) | |
| **TYSON FARMS, INC.,** ) | |
| ) | |
| DEFENDANT. ) | **JURY DEMAND** |

## COMPLAINT

### I. JURISDICTION

1. The jurisdiction of this Honorable Court is invoked pursuant to 28 U.S.C. §1331, 1343(4). This is a suit authorized and instituted pursuant to Title VII of the Act of Congress known as the "Civil Rights Act of 1964," as amended, and 42 U.S.C. §1981, as amended. The jurisdiction of this Court is invoked to secure protection for and to redress the deprivation of rights secured by 42 U.S.C. §2000e *et seq*. and 42 U.S.C. §1981, providing injunctive and other relief against race discrimination and retaliation in employment.

### II. PARTIES

2. Plaintiff, Jennifer Harper, is a citizen of the United States and is a resident of Blountsville, Alabama.

3. Defendant, Tyson Farms, Inc., is a Corporation doing business in the State of Alabama. At all times relevant to this action, Defendant has maintained and operated a business in Alabama. Defendant is engaged in an industry affecting commerce and has fifteen (15) or more employees within the meaning of 42 U.S.C. §2000e(b), (g) and (h).

### III. ADMINISTRATIVE PROCEDURES

4. Plaintiff hereby adopts and re-alleges paragraphs one (1) through three (3) herein above, as if fully set forth herein.

5. Plaintiff brings this action for the unlawful employment practices and acts of intentional discrimination and retaliation that occurred at Tyson Farms, Inc.

6. This action seeks to redress unlawful employment practices resulting from the acts of Defendant, its agents, servants, and employees committed with respect to Plaintiff's employment; and for a permanent injunction restraining Defendant from maintaining a habit and/or practice of discriminating against the Plaintiff and others similarly situated on account of race discrimination and retaliation.

7. On March 27, 2019, within 180 days of the last discriminatory act of which Plaintiff complains, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission (hereinafter "EEOC"). See Plaintiff's Exhibit A, attached.

8. Plaintiff received her Dismissal and Notice of Rights from the EEOC on or about September 4, 2020. See Plaintiff's Exhibit B, attached.

9. Plaintiff filed suit within ninety (90) days of receipt her Dismissal and Notice of Rights.

10. All administrative prerequisites for filing suit have been satisfied, and Plaintiff is entitled to bring this action.

## IV. FACTS

11. Plaintiff adopts and re-alleges paragraphs one (1) through ten (10) above, as if fully set forth herein.

12. Plaintiff is Caucasian.

13. Defendant hired Plaintiff in July 2017 as a General Laborer earning $10.40 per hour.

14. Very shortly thereafter, Plaintiff applied for a quality assurance position and received the job earning $15.46 per hour.

15. Plaintiff was a good employee and qualified for his job.

16. Plaintiff performed her job without issue until Sharon Thomas, African American, became the second shift General Plant Manager.

17. Plaintiff has a biracial daughter with an African American man, and Plaintiff has a picture of her child on her wall in her work area.

18. Ms. Thomas saw the photo of Plaintiff's daughter and made a negative facial expression.

19. After seeing the photo of Plaintiff's biracial daughter, Ms. Thomas began to harass her.

20. At one point, Ms. Thomas made the comment that a "white Female has no business raising a black child."

21. Plaintiff reported Ms. Thomas' harassing behavior to Human Resources, which included Ms. Thomas pointing her finger in Plaintiff's face many times and berating her in front of other employees; however, nothing was done.

22. On one occasion there was condensation coming into the product area and this caused Plaintiff to shut down the line.

23. Ms. Thomas was furious and told Human Resources if they could not handle Plaintiff then she knew someone who could.

24. Ms. Thomas even attempted to get Plaintiff written up for an ammonia leak because Plaintiff was not out of the building when she thought she should have been.

25. Since reporting her complaints of race discrimination against Ms. Thomas to Human Resources, Ms. Thomas has become more hostile and even attempted to assault Plaintiff with her elbow.

26. Plaintiff reported this conduct to Human Resources, and again, nothing was done.

27. Ms. Thomas treats the African American employees more favorably than the Caucasian employees.

28. Ms. Thomas was eventually suspended briefly; however, the harassment continued, and Defendant did not take any definitive steps to stop the race discrimination and harassment from occurring even after Ms. Thomas' suspension,

29. Due to the continued race discrimination and harassment by Ms. Thomas, Plaintiff terminated her employment with Defendant.

## V. STATEMENT OF PLAINTIFF'S CLAIMS

### COUNT ONE

**STATEMENT OF PLAINTIFF'S TITLE VII AND 42 U.S.C. §1981
RACIAL DISCRIMINATION CLAIMS**

30. Plaintiff adopts and re-alleges paragraphs one (1) through twenty-nine (29) above, as if fully set forth herein.

31. Plaintiff is Caucasian.

32. Defendant hired Plaintiff in July 2017 as a General Laborer earning $10.40 per hour.

33. Very shortly thereafter, Plaintiff applied for a quality assurance position and received the job earning $15.46 per hour.

34. Plaintiff was a good employee and qualified for his job.

35. Plaintiff performed her job without issue until Sharon Thomas, African American, became the second shift General Plant Manager.

36. Plaintiff has a biracial daughter with an African American man, and Plaintiff has a picture of her child on her wall in her work area.

37. Ms. Thomas saw the photo of Plaintiff's daughter and made a negative facial expression.

38. After seeing the photo of Plaintiff's biracial daughter, Ms. Thomas began to harass her.

39. At one point, Ms. Thomas made the comment that a "white Female has no business raising a black child."

40. Plaintiff reported Ms. Thomas' harassing behavior to Human Resources, which included Ms. Thomas pointing her finger in Plaintiff's

face many times and berating her in front of other employees; however, nothing was done.

42. On one occasion there was condensation coming into the product area and this caused Plaintiff to shut down the line.

42. Ms. Thomas was furious and told Human Resources if they could not handle Plaintiff then she knew someone who could.

43. Ms. Thomas even attempted to get Plaintiff written up for an ammonia leak because Plaintiff was not out of the building when she thought she should have been.

44. Since reporting her complaints of race discrimination against Ms. Thomas to Human Resources, Ms. Thomas has become more hostile and even attempted to assault Plaintiff with her elbow.

45. Plaintiff reported this conduct to Human Resources, and again, nothing was done.

46. Ms. Thomas treats the African American employees more favorably than the Caucasian employees.

47. Ms. Thomas was eventually suspended briefly; however, the harassment continued, and Defendant did not take any definitive steps to stop the race discrimination and harassment from occurring even after Ms. Thomas' suspension.

48. Due to the continued race discrimination and harassment by Ms. Thomas, Plaintiff terminated her employment with Defendant.

49. Ms. Thomas subjected Plaintiff and other employees to racist comments and racist jokes in the workplace.

50. Defendant subjected Plaintiff to adverse treatment, harassment, and discrimination with respect to the terms and conditions of her employment, including, but not limited to, her constructive termination.

51 Plaintiff's race was a substantial or motivating factor in Defendant's unlawful and adverse treatment of Plaintiff.

52. Defendant acted with malicious intent and/or reckless disregard for Plaintiff's federally protected rights.

53. Defendant has a habit and/or practice of discriminating against Caucasian employees, based upon information and belief.

54. Defendant's illegal, discriminatory, harassing and adverse actions have injured Plaintiff.

55. Plaintiff is now suffering and will continue to suffer irreparable injury from Defendant's unlawful policies and practices set forth herein, unless enjoined by this Court.

56. Defendant has condoned and tolerated discrimination, harassment and other adverse actions toward Plaintiff and other Caucasian employees.

57. Defendant's actions were in violation of Title VII of the "Civil Rights Act of 1964", as amended, and 42 U.S.C. §1981, as amended.

58. Plaintiff has no plain, adequate or complete remedy at law to redress the wrongs alleged herein and this suit for back pay, front pay, compensatory damages, punitive damages, attorney's fees, expenses, costs, injunctive relief and declaratory judgment is his only means of securing adequate relief.

59. Plaintiff has satisfied all administrative prerequisites to bring this claim.

## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests this Court to adopt jurisdiction of this action and enter a judgment against Defendant for violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §1981, as amended, and award Plaintiff the following relief:

a. Enter a declaratory judgment that Defendant's policies, practices and procedures complained of herein have violated and continue to

violate the rights of Plaintiff as secured by Title VII of the Civil Rights Act of 1964, as amended, and 42 U.S.C. §1981, as amended;

 b. Grant Plaintiff a permanent injunction enjoining Defendant, its Agents, Successors, Employees, Attorneys and those acting in concert with Defendant or at Defendant's request from violating Title VII of the "Civil Rights Act of 1964", as amended, and 42 U.S.C. §1981, as amended;

 c. Grant Plaintiff an order requiring Defendant to make him whole by granting appropriate declaratory relief, compensatory damages (including damages for mental anguish), punitive damages, interest, attorney's fees, expenses and costs;

 d. Grant Plaintiff injunctive relief, including: back pay, front pay (inclusive of pre-judgment and post-judgment interest), and/or reinstatement; and

 e. Plaintiff prays for such other, further, different, or additional relief and benefits as justice may require.

## COUNT TWO

### STATEMENT OF PLAINTIFF'S RETALIATION CLAIMS PURSUANT TO TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 AND 42 U.S.C. §1981

60. Plaintiff hereby adopts and re-alleges paragraphs one (1) through fifty-nine (59) above, as if fully set forth herein.

61. Plaintiff avers that she has been harassed and subjected to adverse employment action for engaging in protected activity, and there is a causal link between Plaintiff engaging in protected activity and the adverse action she suffered.

62. Plaintiff is Caucasian.

63. Plaintiff was a good employee and qualified for his job.

64. Plaintiff performed her job without issue until Sharon Thomas, African American, became the second shift General Plant Manager.

65. Plaintiff has a biracial daughter with an African American man, and Plaintiff has a picture of her child on her wall in her work area.

66. Ms. Thomas saw the photo of Plaintiff's daughter and made a negative facial expression.

67. After seeing the photo of Plaintiff's biracial daughter, Ms. Thomas began to harass her.

68. At one point, Ms. Thomas made the comment that a "white Female has no business raising a black child."

69. Plaintiff reported Ms. Thomas' harassing behavior to Human Resources, which included Ms. Thomas pointing her finger in Plaintiff's face many times and berating her in front of other employees; however, nothing was done.

70. On one occasion there was condensation coming into the product area and this caused Plaintiff to shut down the line.

71. Ms. Thomas was furious and told Human Resources if they could not handle Plaintiff then she knew someone who could.

72. Ms. Thomas even attempted to get Plaintiff written up for an ammonia leak because Plaintiff was not out of the building when she thought she should have been.

73. Since reporting her complaints of race discrimination against Ms. Thomas to Human Resources, Ms. Thomas has become more hostile and even attempted to assault Plaintiff with her elbow.

74. Plaintiff reported this conduct to Human Resources, and again, nothing was done.

75. Ms. Thomas treats the African American employees more favorably than the Caucasian employees.

76. Ms. Thomas was eventually suspended briefly; however, the harassment continued, and Defendant did not take any definitive steps to stop the race discrimination and harassment from occurring even after Ms. Thomas' suspension.

77. Due to the continued race discrimination and harassment by Ms. Thomas, Plaintiff terminated her employment with Defendant.

78. Plaintiff had a good work history until she terminated her employment with Defendant due to continued retaliation.

79. Plaintiff was subjected to racist comments in the workplace by her supervisor.

80. Plaintiff was treated differently than similarly situated, African American employees.

81. Plaintiff complained of unfair treatment based on her race.

82. Plaintiff was constructively terminated in retaliation for her complaints of unfair treatment based on race.

83. Plaintiff has been retaliated against in violation of Title VII of the Civil Rights Act, as amended and 42 U.S.C. §1981, as amended. The Defendant has a habit and/or practice of retaliating against employees that engage in protected activity.

84. Plaintiff has no plain, adequate or complete remedy at law to redress the wrongs alleged herein and this suit for injunctive relief and declaratory judgment is his only means of securing adequate relief.

85. Plaintiff is now suffering and will continue to suffer irreparable injury from Defendants' unlawful policies and practices set forth herein, unless enjoined by this Court.

**PRAYER FOR RELIEF**

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that this Court adopt jurisdiction of this action and award Plaintiff the following relief:

    a.    Enter a declaratory judgment that Defendant's policies, practices and procedures complained of herein have violated and continue to violate the rights of Plaintiff as secured by Title VII of the Civil Rights Act of 1964, as amended, and 42 U.S.C. §1981, as amended;

    b.    Grant Plaintiff a permanent injunction enjoining Defendant, its Agents, Successors, Employees, Attorneys and those acting in concert with Defendant or at Defendant's request from retaliating in violation Title VII of the "Civil Rights Act of 1964", as amended, and 42 U.S.C. §1981, as amended;

    c.    Grant Plaintiff an order requiring Defendant to make him whole by granting appropriate declaratory relief, compensatory damages (including damages for mental anguish), punitive damages, interest, attorney's fees, expenses and costs;

    d.    Grant Plaintiff injunctive relief, including back pay, front pay (inclusive of pre-judgment and post-judgment interest), and/or reinstatement; and,

  e. Plaintiff prays for such other, further, different, or additional relief and benefits as justice may require.

**PLAINTIFF HEREBY REQUESTS TRIAL BY STRUCK JURY.**

  Respectfully submitted,

  /s/   Joseph  Graham
  JOSEPH W. GRAHAM
  ASB-2800-W78O
  Attorney for Plaintiff

**OF COUNSEL:**

JOSEPH W. GRAHAM
ATTORNEY AT LAW
420 20TH Street North
Suite 2200
Birmingham, Alabama  35203
PHONE:  (205) 454-4517
E-MAIL: Joe@BHMLawyer.com


**PLEASE SERVE DEFENDANT AT THE FOLLOWING ADDRESS**:

Tyson Farms, Inc.
c/o CT Corporation System
2 North Jackson Street, Ste. 605
Montgomery, AL 36104